GEORGE NORTON

*vs.*

THOMAS H. STEVENS, ADMINISTRATOR OF THOMAS H. STEVENS, DECEASED.

AT LAW. DECIDED JULY 22, 1842.

*Orphans' Court.* NAT'L POPE CAUSIN, *Judge.*

The act of Maryland of 1798, giving preference to judgment creditors, does not embrace foreign judgments.

The administrator of Thomas H. Stevens, deceased, protested against a preference being given to the judgment of George Norton against said intestate, rendered in Philadelphia county, in the State of Pennsylvania, and claimed that the act of assembly of Maryland of 1798, ch. 101. c. 8, sec. 17,* does not give or contemplate a preference to debts of this character.

The court was of the opinion that the law of 1798, giving preference to judgment creditors, did not embrace foreign judgments, and therefore decided that the judgment of George Norton against Thomas H. Stevens, obtained in Philadelphia county, in the State of Pennsylvania, did not take preference over other creditors.

From which order of the Orphans' Court the counsel for George Norton prayed an appeal. The plaintiff did not prosecute his appeal, and it was dismissed by his attorney.

R. S. COXE for plaintiff.

RICHARD WALLACH for defendant.

---

* "In paying the debts of the deceased, an executor or administrator shall observe the following rules: Judgments and decrees against the deceased shall be wholly discharged before any part of other claims; after such judgments and decrees shall be satisfied, all other just claims shall be admitted to a distribution, on an equal footing, without priority or preference; if there be not sufficient to discharge all such judgments and decrees, a proportionable division or dividend shall be made between the judgment and decree creditors, but no executor or administrator shall be bound to discover what judgments or decrees have been passed against the deceased, unless in the high court of chancery, or the general court of the shore, or the court of the county where the deceased last resided." 2 Maxcy's Laws of Maryland, 478.